## VICTORIO DE LA ROSA, Plff.,

*v.*

## SUCRERIE CENTRAL COLOSO DE PUERTO RICO, A Corporation, Dft.

---

Law, No. 1150.

ON MOTION DURING TRIAL FOR A REFERENCE FOR AN ACCOUNTING.

Accounting—Reference.

It is doubtful whether a motion for a reference for an accounting can be considered in a Federal court; it certainly cannot be considered after a jury trial has been entered upon.

Opinion filed March 1, 1917.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This, I think, is the third day of the jury trial of this case, and I have been more than willing to help in any way possible because the case is of a peculiar nature. It seemed from the very beginning to involve the examination of the bookkeeping of a very considerable corporation as to, I think, at least twenty-six different accounts. The defendant was at fault in not producing the books at the beginning. It was a misunderstand-

ing, but still if there was any blame at all it would rest upon the defendant, so that I would look at the case a little more leniently, at the plaintiff's motion, than if everything had been here at the beginning.

Two or three things are involved. Here is a case in which the parties have announced ready. Would the plaintiff have announced ready if he had seen that pile of books at the beginning of the case? That is, to some extent, speculation. He would be unable to say himself, but there was at that time a pretty good pile of books here anyhow. Plaintiff announced ready. Now what is the effect? The very object of asking the question as to readiness is to find out whether the case can go to trial. If a witness is absent, or if there is any other matter connected with the case which would prevent it, then is the time to express it. The plaintiff, I think I must hold from the pleadings that have gone before and from the books here at the time, knew at that time that there would be a great deal to examine in the way of books, and he announced ready. The jury was impaneled and witnesses have been placed on the stand. It may be that the testimony was not very important, but still all the preliminary proof has been gone through. We have engaged in the trial of a case before a jury. That is the situation. Now that being so, what is the power of the court, either of its own accord or on motion of the parties, to take a case from the jury? If a juror is sick, the case necessarily is postponed without prejudice to either side, because that is a defect in the court itself, and the same might be true from the illness of the judge or illness of counsel. In an emergency like that the court could take the case from the jury. Now, could it do so under other circumstances; that is, where it appears that the evidence is volumi-

De la ʿRosa v. Sucrerie Central Coloso.

nous and will take some time to get through with? That, I suppose, is the exact question.

1. In the first place, without deciding it, it seems to me it would be a serious question whether this is not such a suit as ought to be brought on the equity side of the court for discovery and looking into long accounts. I am not sure about that, but it occurred to me during the argument on the pleadings that this might be true. Still the question immediately before me is what to do now. There is a provision of the Code of Civil Procedure which this court follows. Sections 204 and 205.

"Sec. 204. A reference may be ordered upon the agreement of the parties [on certain conditions]."

That does not apply, because there is no agreement of the parties.

"Sec. 205. When the parties do not consent, the court may, upon the application of either or of its own motion, direct a reference in the following cases: 1. When the trial of an issue of fact requires the examination of a long account on either side, in which case the reference may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein. 2. When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. 3. When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action. 4. When it is necessary for the information of the court in a special proceeding."

It does not come under the last head. Then comes how the referee must act, and so on. Now does this section in any subdivision apply to the Federal court, which has a jury? It does apply in the local courts where there is no jury is a civil case.

De la Rosa v. Sucrerie Central Coloso.

Does it apply in the Federal court? I take it that it could apply. Similar statutes prevail in pretty much all the states, at least in all the Code states, and jury trials are, of course, a part of the constitution of the court, and I do not think that particular feature would make any difference. Does this application or this state of facts fit either of the two first subdivisions? There certainly is the trial of an issue of fact which requires the examination of a long account, as provided for in subdivision 1. The question is, Is that applicable after a jury trial has begun? I am not cited to any authority, so I have to determine the question upon principle. It seems to me that this provision, where there is an issue requiring the examination of a long account, might apply before the parties have announced ready and the first witness is placed upon the stand. In this case the pleadings show that there were some twenty odd matters to be taken up, and that they necessarily must be learned from the defendant's books, and a number of books were produced at the beginning of the trial before the issue was joined; and it seems to me I must hold that the motion must be made, and the court would not exercise this discretion in such a matter unless it came up before issue joined; that is to say, before any witness is put upon the stand. Otherwise, if it could be made at any time, a case might be prolonged indefinitely. I do not think that we can hold a jury except for speedy trial, day after day, of a case. There are talesmen who have been in attendance on the court and who are brought in for this particular case. I think it would be a dangerous precedent to interrupt the trial of a case and take it from the jury to determine an issue of fact which could have been got at before the jury was impaneled. So I do not think I could grant the application or take that step on my own account.

De la Rosa v. Sucrerie Central Coloso.

Now as to the third subdivision: "When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action." That does not show that there is some action contemplated after the pleadings are completed. It may be before the pleadings, but at all events it is not confined to the time before the pleadings. For the purposes of this case we would have to consider it at any stage of the action after the pleadings. Now is that applicable? I do not think that this subdivision 3 is applicable to a situation which could have been controlled before the jury trial began. If the situation could have been controlled before the jury trial began, then I do not think that any question of fact can be said to properly arise later in the case as to that particular state of facts. There might be some emergency—I do not think of any right now—which might require the application of subdivision 3. Cases have been cited to me on the subject of continuance; how the court may continue a case. Most of them refer to continuance before trial has been entered upon.

The point I think is this: Take the case of a witness, suppose a witness has been subpœnaed and does not appear at the opening of the case, the court can have a showing, or, if that is not satisfactory, can continue the case on account of the absence of a material witness. That is one thing. Suppose a witness appears, and, during the trial of the case, the witness disappears, he can be attached. But suppose he cannot be found and an agreement cannot be made as to his testimony,—I take it that this is one of the emergencies that I mentioned just now, that it would not be doing justice to proceed with the case then. The case before me at present is not of that character. It is where, as I take it, the point of the complication of accounts and the

De la Rosa v. Sucrerie Central Coloso.

fact that there were a number of books were patent before the jury was impaneled,—not the number of books, perhaps, but the fact that there were a number of books,—and I do not think it is analogous to the question of witness disappearing.

The Code of Civil Procedure of Porto Rico on this point is identical in its language with that of California. I have compared it, and I think every single word is the same in both. There seems to be no decision in Porto Rico upon the reference question,—that is, this phase of it,—and the question comes up as to the proper construction in the Federal court of that statute. It has been held in a Federal court in Vermont, where they have a similar procedure,—not these identical words, but a similar procedure, where an auditor may be appointed to look into accounts,—that under the Revised Statutes, §§ 648 and 649, Comp. Stat. 1916, §§ 1584, 1587, making all issues of fact in the Federal court triable by a jury except proceedings in equity, bankruptcy, and admiralty, an action on an accounting can be tried only by a jury. It is held, therefore, in the circuit court of Vermont that there can be, against the objection of the parties, no reference to an auditor to ascertain the account. It does not appear from the report whether this application was before the trial or during the trial, but it would be all the stronger if it was during the trial. That is the general principle of the United States practice.

How shall we proceed in this application under the Porto Rican or the California statute? It is held in California that there cannot be a reference, or, to use the expression here, neither can an ordinary action at law for the recovery of a debt, even though it involve the examination of a long account, be referred to a referee against the objection of either party. Grim v.

De la Rosa v. Sucrerie Central Coloso.

Norris, 19 Cal. 141, 79 Am. Dec. 206. That goes upon this principle,—it is pretty much the same that we find in Vermont, —"a court has no power to send an ordinary suit at law to a referee for trial against the objection of either party; and this whether the suit requires the examination of a long account or not. And a statute authorizing a reference in such case would be unconstitutional. Our statute [i. e., the California statute] as to referring cases applies solely to equity causes. The right of trial by jury in all common-law actions is secured by the Constitution of this state."

Precisely what scope would remain for this statute in Porto Rico, where we have no equity procedure, I do not know, but this is the decision of the supreme court of California, and limits the application for reference to cases arising in the nature of equity. This is not such a case. Furthermore, taking the local statute, we find—and the same is true in California—that the findings of fact of the referee are regarded as equivalent to a verdict. If that is true, if that is the theory of the law, it could not be applied in the Federal court. The most that could be done would be a reference which contemplated something like a commission to take testimony, and get at the facts, and report them to the court. The finding of the referee could not, in the Federal court, be regarded as constitutionally equivalent to a verdict, except, of course, in an equity case. The statute says that the referee must report the finding in twenty days, and then there is provision for exceptions, etc.

I think I am driven to the conclusion that it is doubtful whether it would apply in the Federal court at all, and certainly could not apply now after a jury trial has been entered upon; so I will have to refuse it and have to decline to exercise the discretion. An exception is allowed.